IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TERESA G. CARTER, et al., )
 )
 Plaintiffs, )
 )
vs. ) No. CIV-10-1168-C
 )
WATONGA HOSPITAL TRUST )
AUTHORITY; et al., )
 )
 Defendants, )

MEMORANDUM OPINION AND ORDER

Plaintiffs were employees of Defendant Watonga Hospital until their termination. Asserting that the terminations were in violation of various laws, Plaintiffs brought the present action. Defendants seek dismissal, arguing Plaintiffs have failed to state a claim for relief. In particular, Defendants argue that the allegations of the Second Amended Complaint are insufficient to demonstrate plausible claims.

Defendants' request for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to examine the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a

reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1247 (10th Cir. 2007).

After review of the arguments raised by Defendants and the allegations of the Second Amended Complaint, the Court finds Defendants' motions must be denied. While Plaintiffs' allegations are somewhat sparse in places, they do set forth sufficient facts to notify Defendants of the nature of the claims. The allegations presented by Plaintiffs are adequate to allow Defendants to prepare a response and have fair notice of the claims alleged against them. To the extent Defendants argue certain claims are barred as a matter of law, the Court agrees with Plaintiffs that additional factual development is necessary before a final ruling can be made on those claims.

For the reasons set out more fully herein, the Joint Motion to Dismiss (Dkt. No. 26); the Motion to Dismiss (Dkt. No. 28); Defendant Medstone Group, LLC's Motion for Partial Dismissal of Second Amended Complaint (Dkt. No. 35), and Defendant Richard S. Carter, M.D.'s Motion to Dismiss the Second Amended Complaint (Dkt. No. 36) are DENIED. Defendants shall file their Answers within 20 days of the date of this Order.

IT IS SO ORDERED this 28th day of April, 2011.

ROBIN J. CAUTHRON
United States District Judge